# MEMORANDUM DECISIONS

---

## 1

O. L. BENSON v. STATE. (No. 10865.) Court of Criminal Appeals of Texas. March 23, 1927. Appeal from District Court, Terry County; Gordon B. McGuire, Judge. Lockhart & Garrard, of Lubbock, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Conviction is for the transportation of intoxicating liquor, the punishment assessed being one year in the penitentiary. Appellant has filed in this court his affidavit, advising that he desires to withdraw his appeal and to prosecute it no further. Complying with this request, the appeal is ordered dismissed.

---

## 2

R. V. BROWN v. STATE. (No. 10790.) Court of Criminal Appeals of Texas. March 16, 1927. Commissioners' Decision. Appeal from District Court, Wilbarger County; Robert Cole, Judge. M. C. Culbertson and Storey & Leak, all of Vernon, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BAKER, J. The appellant was convicted of theft of property over the value of $50, and his punishment assessed at two years in the penitentiary. The record discloses that the appellant was jointly indicted with W. L. Roberts, Harvey Russell, and Wallace Cassidy for the theft of various articles of merchandise, of the aggregate value of $70, alleged to have been the personal property of and in the possession of E. M. Levy, who operated the "Clarence Saunders store" in the town of Vernon at said time. This is a companion case to that of Roberts v. State (No. 10707) 290 S. W. 1102, decided by this court on January 26, 1927. The appellant strenuously insists that the evidence is insufficient to sustain the verdict of guilty of felony theft, in that the articles of merchandise identified by the state's witnesses amounted to much less than $50. This court, speaking through Judge Hawkins in the Roberts Case, supra, sustained the appellant's contention in that case under the same facts presented here. The law announced by this court in the Roberts Case, supra, is peculiarly applicable to the instant case. For the reasons above stated, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

## 3

James DANIELS v. STATE. (No. 10883.) Court of Criminal Appeals of Texas. April 6, 1927. Appeal from District Court, Kaufman County; Joel R. Bond, Judge. Chas. Hensley, of Dallas, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The unlawful sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of three years. Upon the written request of the appellant, duly verified by his affidavit, the appeal is ordered dismissed.

---

## 4

Toots GRANT v. STATE. (No. 10733.) Court of Criminal Appeals of Texas. March 2, 1927. Rehearing Denied April 6, 1927. Appeal from District Court, Wood County; J. R. Warren, Judge. A. J. Britton and Bozeman & Cathey, all of Quitman, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Conviction of burglary; punishment, two years in the penitentiary. The record is before us without any bills of exception or statement of facts. The indictment sufficiently charges the offense, and the charge of the court applies the law. No error appearing in the record, the judgment will be affirmed.

### On Motion for Rehearing.

Appellant seeks a rehearing on the proposition that the court erred in declining to grant him a new trial because of newly discovered testimony. The motion for new trial set up the fact that by a number of witnesses appellant could prove that he was a kleptomaniac; that is, a person who has an irresistible impulse to steal. Appellant's attorney is one of the party who makes the affidavit that such fact can be established in behalf of the accused. Certainly, if it was known to appellant's attorney that such was the situation of his client,